UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 4:20-cr-40045-JPG |
| JUSTIN A. WADSWORTH, | |
| Defendant. | Related Case No. 4:23-cv-04023-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Motion for Bond. (Doc. 83). The Defendant filed his motion on May 16, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion.

The Defendant, Justin A. Wadsworth, was convicted and sentenced for attempted enticement of a minor and attempted commercial sex trafficking of a child. (Docs. 29, 68). Wadsworth filed a habeas motion under § 2255 alleging that his attorney was ineffective when she failed to appeal his conviction. (Case No. 4:23-cv-04023-JPG). Additionally, Wadsworth alleges that his plea was inadequate. Currently, the Government is preparing a response to Wadsworth's habeas petition.

There are several defects in Wadsworth's motion that warrant denial.

First, Wadsworth's motion is captioned as "bond pending success of Motion" and the motion itself asserts that the allegations he makes in his petition "will more likely than not require an acquittal of Wadsworth convictions or order a new trial on all counts." (Doc. 83). Wadsworth presumes his petition will be successful and presumes what the appropriate remedy is. There are no grounds for his presumptions. The Government has not responded to his

allegations nor has the Court received his former counsel's affidavit yet. Generously interpreted as a motion for injunctive relief, the burden is on the movant to show a likelihood of success on the merits. There is no evidence, beyond Wadsworth's own allegations, that support his claims. There is certainly not enough evidence to support the claim that he will likely be successful on the merits. Therefore, on those grounds alone, Wadsworth is not entitled to bond.

Second, even presuming for the sake of argument that Wadsworth demonstrated he was likely to succeed on the merits, he has not shown that he is entitled to remedy he seeks. If his counsel did not file a notice of appeal despite his request, the remedy he would be entitled to would be the right to appeal, not to be released pending plea or trial. While Wadsworth may believe his counsel was deficient in their negotiations with the government, (Doc. 83), even if that alleged deficiency rose to the standard of ineffective assistance of counsel, Wadsworth has not shown that he would be entitled to release as a remedy.

## CONCLUSION

Wadsworth's motion is overly presumptuous and fails to establish that he is likely to succeed on the merits. Even were he likely to succeed on the merits, Wadsworth has failed to show that he is entitled to the remedy he seeks. Therefore, his motion is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED: May 30, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**