UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN A. WADSWORTH,<br><br>Defendant. | Case No. 20-cr-40045-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Justin Wadsworth's Motion for Reconsideration (Doc. 108). Wadsworth asks the Court to reconsider its October 19, 2026, Memorandum and Order (Doc. 105) denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He also asks the Court to consider his Motion for Leave to File Updated Medical Information and Request for Expedited Medical Status Report (Doc. 106), which the Court previously denied as moot on October 22, 2026 (Doc. 107).

In June 2022, Wadsworth pled guilty to one count of attempted enticement of a minor and one count of attempted commercial sex trafficking of a child. He was sentenced to the mandatory minimum of 180 months. Less than four years into his sentence, Wadsworth filed a motion for compassionate release, stating that he is suffering from multilevel degenerative disc disease that requires spinal surgery, that the Bureau of Prisons ("BOP") has delayed his necessary spinal surgery for months, and that, even if the BOP eventually provides the surgery, it will be unable to adequately manage his pain or provide physical therapy following the procedure.

The Court denied Wadsworth's motion for compassionate release, finding that there was no extraordinary and compelling reason for his release because the BOP was taking the necessary steps to provide Wadsworth with the required surgery and there was no credible evidence that the

BOP will be unable to provide him with adequate treatment thereafter. It also found that, even if there was an extraordinary and compelling reason for release, the § 3553(a) factors weigh against it. Wadsworth now asks the Court to reconsider both of those determinations.

Although not mentioned specifically in the Federal Rules of Criminal Procedure, motions for reconsideration in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is resolved. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Such a motion may be appropriate where the Court has "made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Redmond*, No. 3:14-cr-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020).

Wadsworth's motion identifies no issues that the Court misapprehended and points to no intervening changes in the law or facts. Instead, he merely argues that the Court's decision was incorrect and inadequately explained. The proper avenue for raising those arguments is an appeal, not a motion for reconsideration. Accordingly, the Court **DENIES** Wadsworth's Motion for Reconsideration (Doc. 108).

**IT IS SO ORDERED.**
**DATED: November 19, 2026**

**J. PHIL GILBERT**
**United States District Judge**